UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT W.G. CLANTON,

               Plaintiff,

                                       Case No. 07-CV-10479

vs.                                  HON. GEORGE CARAM STEEH

MICHIGAN DEPARTMENT OF
TRANSPORTATION, et al.,

               Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (# 4) AND
DENYING PLAINTIFF'S MOTION FOR IFP STATUS ON APPEAL (# 5)

      Plaintiff Herbert Clanton, appearing pro per, filed a 240-page complaint and application to proceed without prepayment of fees on January 31, 2007. The court granted plaintiff's application to proceed in forma pauperis ("IFP"), then dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), reasoning:

> . . . . Plaintiff's 240-page complaint alleges conclusory legal claims against the Michigan Department of Transportation, Michigan Office of the State Employer, the State of Michigan, the United States Department of Labor, a labor union referred to as "SEIU," and thirteen individual defendants. The complaint lacks factual allegations, and seeks monetary damages from pages 96 through 228 against all defendants in a range of hundreds of millions of dollars. Clanton has had similar actions dismissed in the past. See Clanton v. Michigan Dept. of Transportation, No. 05-1794 (6th Cir. Jan. 20, 2006) (affirming dismissal for failure to state a claim on which relief may be granted for failure to include factual inferences in the pleadings, and due to Michigan's Eleventh Amendment immunity from suit for money damages, citing Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 & n.10 (1989)); Clanton v. Michigan Department of Civil Rights, Case No. 04-73454 (E.D. Mich. March 28, 2005) (Tarnow, J.) (granting defendants' motion to dismiss based on Eleventh Amendment immunity and failure to state a claim on which relief may be granted). Similarly, plaintiff's instant 240-page complaint is frivolous, fails to state a claim on which relief may be granted due to the

absence of factual allegations, and seeks monetary relief from Michigan defendants who are immune from such relief.

February 7, 2007 Order, at 1-2.

Plaintiff has failed to demonstrate the court committed palpable error in dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B).  E.D. Mich. LR 7.1(g)(3).  Indeed, plaintiff asks to correct his own error through the filing of an amended complaint.  Plaintiff's motion, while providing a factual background, also contains additional frivolous allegations that "the defendants" are liable under criminal statutes such as 18 U.S.C. § 873 (blackmail) and 18 U.S.C. § 876 (mailing threatening communications).  Amendment of the complaint consistent with the allegations in plaintiff's brief would not warrant a different disposition other than dismissal under 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the court's February 7, 2007 Order.

In moving for leave to proceed on appeal IFP, plaintiff has failed to state the issues he intends to present on appeal, and instead simply asks for the relief.  Plaintiff has failed to meet the requirements of Federal Rule of Appellate Procedure 24(a)(1)(C).  Having reviewed the pleadings and motions in this matter, the court finds that plaintiff's appeal is not in good faith.  See 28 U.S.C. § 1915(a)(3).  Accordingly,

Plaintiff's motion for reconsideration is hereby DENIED.  Plaintiff's motion for IFP status on appeal is hereby DENIED.

SO ORDERED.

Dated:  March 14, 2007

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

2

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 14, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk